# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Marc Kudley, DO HEREBY DEPOSE AND SAY:

## Introduction and Affiant Background

1. As a United States Postal Inspector, I am an investigative law enforcement officer of the United States of America within the meaning of Title 18, United States Code, Section 2510(7). I am empowered by law to conduct investigations of, and to make arrests for, offenses related to the United States Postal Service (USPS) and the mails, as authorized by Title 18, United States Code, Section 3061.

2. I have been employed by the U.S. Postal Inspection Service (USPIS) for approximately 11 years and have been assigned to the Cleveland, Ohio Field Office for each of those years. During this time, I have been assigned to the Contraband Interdiction and Investigations team, which investigates the mailing of illegal drugs and their proceeds. I have been the case agent in multiple investigations leading to convictions in both U.S. District Court and state courts. Since January 2023, I have been designated as a federal Task Force Agent assigned to the Drug Enforcement Administration (DEA) Cleveland District Office.

3. This affidavit is in support of a criminal complaint against Terrance Lee RUCKER (hereinafter "RUCKER").

4. Because this affidavit is submitted for the limited purpose of supporting a criminal complaint and arrest warrant, I have not included each and every fact known concerning this investigation. I have set forth only the facts I believe necessary to establish probable cause that RUCKER has committed violation of Title 21, United

States Code, Sections 846 and 841(a)(1), (b)(1)(A), Conspiracy to distribute and possess with the intent distribute methamphetamine, and Attempted possession with intent to distribute methamphetamine, a Schedule II controlled substances.

**Probable Cause**

5. I know based on training and experience that U.S. Mail is often used by narcotic traffickers to transport controlled substances, proceeds derived from the sale of controlled substances, and other contraband such as firearms. I know from my training and experience that the USPS Priority Mail Express system is commonly used to transport controlled substances, proceeds derived from the sale of controlled substances, and other contraband because Priority Mail Express provides traceability, reliability, and timely delivery. The guaranteed delivery timeframe of approximately one day (overnight) for Priority Mail Express places time pressures on law enforcement agents to identify, search, and deliver these drug parcels in a timely manner.

6. On November 3, 2023, while reviewing USPS business records, I identified USPS Priority Mail Express parcel bearing label number EI432184916US, addressed to David Collins, 3425 Haggarty Way, Cuyahoga Falls, OH 44223, with a return address of Chanel Cox, 3642 E. Desert Flower Ln., Phoenix, AZ 85044 (hereinafter "the Subject Parcel").

7. The Subject Parcel is described as a brown Ready Post "Seal It. Send It" box measuring approximately 15" X 12" X 10" in size and weighing approximately 17 pounds and 4 ounces. The seams of the box were affixed with clear "Seal It. Send It." tape. I identified the Subject Parcel as a suspect drug parcel based on several characteristics, including but not limited to type of mail, origin, destination, and size.

8. The Subject Parcel was mailed on November 2, 2023, from the Mesa, Arizona 85202 Post Office and bore $156.35 in U.S. Postage, which was paid for with U.S. currency. I know based on training and experience that Arizona has historically been a source area for mailed controlled substances into Northern Ohio.

9. I made inquiries with CLEAR, an electronic database that has proven reliable in previous investigations in determining the legitimacy of name, address, and phone number information, concerning the delivery address of 3425 Haggarty Way, Cuyahoga Falls, OH 44223, and was able to associate an individual with the name David R. Collins, with a date of birth of 12/XX/1981, at the listed delivery address, as of June 2010. According to CLEAR, David R. Collins has a more recent address in Munroe Falls, Ohio. According to CLEAR, Janice Collins and George Collins, potential parents of David Collins, are currently associated with the delivery address.

10. I know based on experience that individuals using the U. S. Mail for the purpose of transporting controlled substances will sometimes list the name of a former or current tenant at the delivery address as the addressee so the USPS delivery employee recognizes the name and delivers the parcel to the listed delivery address.

11. I know based on experience that individuals using the U.S. Mail to receive controlled substances, will oftentimes not have the parcels sent to their own residence, but instead use the residence of a family or friend.

12. According to Summit County Clerk of Court records, the same David R. Collins with a date of birth of 12/XX/1981, at the same address in Munroe Falls, Ohio, had two criminal cases in the Summit County Court of Common Pleas involving narcotics.

13. On May 8, 2020, Collins was indicted in case CR-2020-05-1173 for Aggravated Possession of Drugs, to wit methamphetamine, a Schedule II controlled substance. In February 2021, Collins entered an intervention in lieu of conviction program, but a capias was subsequently issued by the Summit County Court of Common Pleas in November 2021.

14. On July 23, 2020, Collins was indicted in case CR-2020-06-1552 for Possession of a Fentanyl-Related Compound. In February 2021, Collins entered an intervention in lieu of conviction program, but a capias was subsequently issued by the Summit County Court of Common Pleas in November 2021. According to the Summit County Clerk of Court records, the two capiases for Collins are still active.

15. I also made inquiries with CLEAR concerning the return address of 3642 E. Desert Flower Ln., Phoenix, AZ 85044, and was able to associate an individual with the name Chanel Cox at the listed return address.

16. I know based on experience that some individuals using the U. S. Mail for the purpose of transporting controlled substances will sometimes place the names of real individuals, or their own real names and address, on the parcels in attempt to thwart law enforcement detection. In other words, I know that some individuals who use the U.S. Mail to transport controlled substances know that listing fictitious names on a parcel is a red flag indicator to law enforcement.

17. On November 3, 2023, I intercepted the Subject Parcel after it arrived at the Cuyahoga Falls 44223 Post Office. I then transported the Subject Parcel directly to the Summit County Drug Unit (SCDU) in Akron, Ohio for further investigation.

18. Later on November 3, 2023 at the SCDU, the Subject Parcel was placed into a lineup containing several blank parcels which emanated no narcotics odors. Narcotic detection canine "Taro", handled by Detective Chris Gary of the Summit County Sheriff's Office was allowed to examine the lineup. According to Detective Gary, Taro gave a positive alert on the Subject Parcel and none of the blank parcels, which was witnessed by your affiant. According to Detective Gary, this positive alert meant Taro detected the odor of an illegal drug emanating from the Subject Parcel.

19. On November 3, 2023, I applied for and obtained a federal search warrant through the United States District Court for the Northern District of Ohio. The warrant was signed by the Honorable Amanda M. Knapp, U.S. Magistrate Judge, authorizing the search of the Subject Parcel. On November 3, 2023, I executed the federal search warrant at the SCDU and identified two different types of controlled substances. First, the Subject Parcel contained approximately 4,566 grams (approximately 10 pounds) of an off-white crystalline material inside approximately ten individual clear zip lock bags. The zip lock bags were packaged inside clear vacuum sealed food saver bags that were wrapped in black duct tape and concealed in clothes. Second, the Subject Parcel contained approximately 1,160 grams (approximately 2.5 pounds) of blueish round tablets marked as "M" on one side and "30" on the other side, packaged inside clear vacuum sealed food saver bags. The tablets were concealed in a black carrying case that was inside a white USPS Priority Mail box.

20. The crystalline material was field tested and indicated positive for methamphetamine, a Schedule II controlled substance. I know based on training and experience that the bluish round tablets with these markings are manufactured in Mexico

5

and disguised to resemble pharmaceutical grade pills containing Oxycodone Hydrochloride, but are actually pressed with fentanyl, a Schedule II controlled substance, and smuggled across the border into the United States, where they are distributed for profit.

21. On November 6, 2023, DEA Task Force Officer Corey Thompson obtained a search warrant for the residence located 3425 Haggarty Way, Cuyahoga Falls, OH 44223 (hereinafter "the Delivery Address) from the Summit County Court of Common Pleas.

22. On November 6, 2023, investigators with the USPIS, Drug Enforcement Administration (DEA), Homeland Security Investigations (HSI), and SCDU conducted a controlled delivery of the Subject Parcel. For safety considerations, I removed the controlled substances from the Subject Parcel and replaced them with "sham", consisting of an inert non-controlled substance. I created ten bundles of sham methamphetamine wrapped in black duct tape, made to resemble how the original methamphetamine was packaged in the Subject Parcel. These bundles were placed inside clothes inside the brown Ready Post box, just how they were originally packaged in the Subject Parcel. Additionally, I created one bundle of sham blue tablets made to resemble how the original tablets were packaged in the Subject Parcel. I placed the sham tablets inside the black carrying case and inside the white USPS inner box, just how they were originally packaged in the Subject Parcel. Lastly, I placed electronic monitoring equipment in the Subject Parcel that would alert investigators if/when the Subject Parcel was opened and/or moved.

23.     At approximately 1:15 p.m., a Postal Inspector acting in the undercover capacity as a USPS delivery employee, arrived at the Delivery Address with the Subject Parcel. The undercover Inspector made contact with David Collins at the front door of the Delivery Address. Collins accepted the Subject Parcel from the undercover Inspector and placed the Subject Parcel inside the Delivery Address. The undercover Inspector departed the area and investigators maintained surveillance on the Delivery Address.

24.     At approximately 2:30 p.m., the electronic monitoring equipment inside the Subject Parcel indicated it had moved toward the garage of the Delivery Address. At approximately 3:00 p.m., a 2016 black Honda Pilot bearing Ohio license plate 306ZPV backed into the driveway of the Delivery Address all the way to the garage. Investigators observed the driver of the Honda, subsequently identified as RUCKER, exit the Honda while communicating on a cellular phone. Investigators observed a front passenger in the Honda, subsequently identified as a 16 year-old juvenile female. Moments later the garage door opened. Investigators then observed RUCKER and Collins standing in the garage. Inspector B. Green and Inspector J. Gardner observed RUCKER make a sweeping motion with his hands in the garage. Moments later the garage door was shut. Moments later, I received alerts from the electronic monitoring equipment inside the Subject Parcel that it was moving and then was subsequently opened.

25.     Next, investigators clearly wearing vests identifying themselves as law enforcement officers approached the Delivery Address in order to execute the search warrant. As the investigators approached the residence, the garage door was opening. Investigators detained RUCKER in the garage. Investigators recovered a loaded Taurus

snub nose revolver from RUCKER's pants pocket. Investigators also recovered from RUCKER's person three cellular phones, a pocketknife, and an Ohio Driver's License in RUCKER's name listing an address of 744 Rita Dove Ln., Akron, OH 44307.

26. Meanwhile, while watching the perimeter of the Delivery Address, I observed Collins exit from a back door of the Delivery Address and enter onto the deck area. Collins complied with my verbal instructions to come down the stairs and was detained by me without incident in the backyard of the residence. I recovered a cellular phone from his person.

27. Once both individuals were safely detained, investigators then executed a search of the garage and residence. Investigators observed the Subject Parcel, consisting of the white USPS inner box inside the brown Ready Post box, laying on the garage floor. It was evident that both boxes had been opened. The brown Ready Post box was opened from one of the sides, which from my experience, is not how someone would typically open a box. I know based on experience that some individuals who receive controlled substances via the U.S. Mail know that investigators place electronic monitoring equipment in the boxes during controlled delivery operations, such as the one referenced in this Affidavit. Furthermore, I know based on experience that these individuals believe that if they open the box from the side, they may circumvent triggering the electronic monitoring equipment and thwart law enforcement detection.

28. Additionally, I observed that the delivery address that was handwritten on the inner white USPS box was cut out from the box. I know based on experience that individuals who use the U.S. Mail to receive controlled substances will remove name and address information from the box in the event law enforcement recovers the box.

29. I also observed a plastic storage bin with a blue lid on the garage floor. Inside the plastic storage bin were the ten bundles of sham methamphetamine wrapped in black duct tape inside clothes. Also recovered from the plastic storage bin was the black carrying case that contained the sham blue tablets. Lastly, I observed in the plastic storage bin a "JMDHKK RF GS Detector." I searched the internet for this device and found this same model on an online marketplace being advertised as an anti-spy detector with RF signal detection, magnetic field detection, and camera lens finder. Based on the foregoing observations of Inspector Green and Inspector Gardner of RUCKER making a sweeping motion with his hands in the garage, I believe RUCKER used this device in attempt to identify electronic monitoring equipment in the Subject Parcel.

30. The plastic storage bin was in the garage near the driveway and directly behind the trunk area of the Honda. Based on the foregoing, I believe the plastic storage bin and its contents would have been placed in the Honda by RUCKER had there been no law enforcement intervention.

31. Investigators then conducted a search of the Honda in the driveway of the Delivery Address. I observed a black backpack in the back seat of the Honda. Inside one of the pockets of the black backpack, I identified approximately 38 grams of a powdery white substance in a clear vacuum sealed food saver bag, suspected to contain a controlled substance. The juvenile female advised me it was not her backpack.

32. I conducted a query of USPS business records regarding the address of 744 Rita Dove Ln., Akron, OH 44307, which was listed on RUCKER's Ohio Driver's License. I identified that in August 2023, three Priority Mail Express parcels originating from Arizona were delivered to RUCKER's address. The Priority Mail Express parcels

ranged in weight from approximately four ounces to approximately five pounds. The parcels were mailed from Mesa, Arizona; Phoenix, Arizona; and Chandler, Arizona respectively. Based on the characteristics of the Priority Mail Express parcels, which are consistent with the Subject Parcel, I believe they also contained controlled substances.

33. I conducted a query of USPS business records regarding 3425 Haggarty Way, Cuyahoga Falls, OH 44223, associated with Collins. I identified that in September 2023, two Priority Mail Express parcels originating from Arizona were delivered to Collin's address. The Priority Mail Express parcels ranged in weight from approximately five ounces to approximately six pounds. The parcels were mailed from Chandler, Arizona and Phoenix, Arizona respectively. Based on the characteristics of the Priority Mail Express parcels, which are consistent with the Subject Parcel, I believe they also contained controlled substances.

34. Based on the foregoing historical USPS records, I believe RUCKER received controlled substances via Priority Mail Express parcels at his residence in August 2023, and then transitioned to having the parcels sent to Collins in Cuyahoga Falls in September 2023.

35. Based on the information contained in this affidavit, I believe there is probable cause to believe that on November 6, 2023, in the Northern District of Ohio, RUCKER has committed violation of Title 21, United States Code, Sections 846 and 841(a)(1), (b)(1)(A), Conspiracy to distribute and possess with the intent distribute methamphetamine, Attempted possession with intent to distribute methamphetamine, a Schedule II controlled substances.

_____
MARC A. KUDLEY
POSTAL INSPECTOR

This affidavit was sworn to by the affiant, who attested to its contents by telephone, pursuant to Crim. R. 4.1 (b)(2)(A), after a PDF was transmitted by email, per Crim R. 4.1(d)(3), this 7th day of NOVEMBER 2023.

_____
AMANDA M. KNAPP
U. S. MAGISTRATE JUDGE