# IN UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| THE UNITED STATES OF AMERICA | CASE N0. 5:24-cr-00077-001 |
|---|---|
| Plaintiff, | |
| vs. | |
| JAVAY COX, | JUDGE BRIDGET MEEHAN BRENNAN |
| Defendant | |
| | SENTENCING MEMORANDUM |

Now comes Javay Cox, defendant herein, and moves this Honorable Court for a downward variance of 27 months, requesting a sentence of 60 months or less. Attached Brief, psychological evaluation filed under seal (Doc. 115), and letters of support are incorporated as if fully rewritten herein.

> S/Wesley A. Dumas, Sr.
> Wesley A. Dumas Sr.
> Attorney for Defendant
> P.O. Box 43520
> Richmond Hts., Ohio 44143
> (216) 696-3833 Tel.
> (216) 696-1120 Fax
> baberuth3@sbcglobal.net

## CERTIFICATE OF SERVICE

A copy of the foregoing Sentencing Memorandum was sent to all parties via the Clerk of Court's electronic filing system.

> S/ Wesley A. Dumas Sr.
> Attorney for Defendant

SENTENCING MEMORANDUM - 1

## BRIEF IN SUPPORT OF MOTION

Javay Cox, defendant herein, moves this Honorable Court for a variance from the *(USSG) United States Sentencing Guideline* recommendation set forth in the Presentence Report (hereinafter PSR) which designates a total offense level of 29, criminal history category I, and guideline imprisonment range of 87 to 108 months incarnation to a sentence of 60 months or less. Mr. Cox has survived a tortured background and upbringing which has caused identifiable psychological traits that are detrimental and virtually impossible to overcome.

The Offense Conduct in the PSR narrates that Mr. Cox mailed a package through the U.S. Postal Service to David Collins, 3425 Haggerty Way (pursuant to discovery information), Cuyahoga Falls, Ohio on November 2, 2023. Chanel Cox was listed as the sender of the package but the telephone number utilized was connected to Mr. Cox. He was seen on video surveillance as the mailer of the package. Significantly, there is no evidence that Mr. Cox knew the contents of the package. The package was intercepted by the United States Postal Inspector and later delivered to David Collins, as intended. Mr. Collins took the package into his home and contacted Terrence Rucker who arrived with a gun and several cell phones. Subsequently, Rucker received a call and text message from "Javay." The PSR notes that two other packages were delivered to 744 Rita Dove Lane in

SENTENCING MEMORANDUM - 2

Akron, Ohio on August 17, 2023, and August 29, 2023, but are not connected to this prosecution.

The Offense Level starts at 38 due to the converted weight of the drugs intercepted by the Postal Inspector. Mr. Cox was entitled to a "Safety Valve" decrease of two levels; classification as a Zero-Point Offender and awarded a two-level decrease; a two-level reduction for being termed a minor participant; and should receive three levels for acceptance of responsibility, (PSR, PageID 861-862). These reductions are consistent with those calculated in the Plea Agreement (PSR, PageID 868).

Both the PSR and psychological evaluation (Doc. 115) list terrifying events which characterize Mr. Cox's negative upbringing and childhood:

- His biological mother suffers from mental illness, and he has not had a relationship with her for four years;
- There was infidelity between his biological father and his maternal grandmother;
- His mother attempted to drown him as a baby and placed him in multiple foster homes, Children Protective Services, and unnamed "facilities" where he was administered medication(s) of unstated variety;

SENTENCING MEMORANDUM - 3

- He resided in crime ridden neighborhoods in Columbus and advised the probation officer during his interview that he attended more schools than he could recall.

- His psychological evaluation identifies several issues:

    1. High level depression;

    2. Significant levels of anxiety;

    3. Symptoms and experiences of intrusive events, defensive avoidance, depression, anxious arousal, anger, and dissociation which has its roots in individuals who have experienced complex trauma, including childhood abuse and neglect;

    4. Attitudes reflecting negative self-perceptions and feelings about his racial identity;

    5. Test administered showed that he has a suboptimal worldview which can be correlated to criminal behavior and activity as well as maladaptive behavior and coping;

    6. He meets the diagnostic criteria for posttraumatic stress disorder and major depressive disorder;

    7. He needs psychotherapy to assist in resolving trauma and adverse childhood experiences;

SENTENCING MEMORANDUM - 4

8. Individual and Group Skills training for emotional regulation, distress tolerance, and interpersonal effectiveness; and

9. Referral to psychiatry to determine the need for psychotropic medication.

The factual scenario which demonstrates that Mr. Cox had a limited role in the offense, a background of childhood abuse, endless foster home settings with countless schools attended, and the psychological evaluation provide reasons for granting the variance sought.

Any sentencing inquiry begins with a consideration of the Sentencing Guidelines. Although previously mandatory, the Guidelines are now advisory in nature, *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed 2nd 621 (2005). *Gall v. United States*, 552 U.S. 38, 49 (2007) states, a district court should begin all sentencing proceedings by correctly calculating the applicable Guideline range…[t]he Guidelines should be the starting point and the initial benchmark. "Therefore, the guidelines effectively{are} advisory …… requiring a sentencing court to consider Guideline ranges…… but permitting the court to tailor the sentence in light of other statutory concerns as well, *United States v. Kuhn*, 351 F. Supp. 2nd 696, 698, 2005 U.S. Dist. LEXIS 373 at pg. 4. Title 18 U.S.C. section 3553(a) directs the sentencing court to impose a sentence which is sufficient, but not greater than necessary, to comply with the purposes of sentencing which are set forth below:

SENTENCING MEMORANDUM - 5

1. The nature and circumstances of the offense and the history and characteristics of the defendant;

2. The need for the sentence imposed---

   A. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   B. To afford adequate deterrence to criminal conduct;

   C. To protect the public from further crimes of the defendant, and

   D. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*United States v. Williams, 526 F.3rd 1312, 1322 (11th Cir. 2008)* stated that "the weight to be accorded any given section *3553(a)* factor is committed to the sound discretion of the district court." "The district court has wide latitude to weigh the section *3553(a)* factors in each case and assign some factors greater weight than others in determining an appropriate sentence, *Gall, supra, 552 U.S. 38,51*. Mr. Cox is requesting a downward variance from the Guideline range calculated herein. A variance allows the district court to impose a sentence outside of the Guideline range based upon the court's weighing of the *18 U.S.C. 3553(a)* factors, *United States v. Denny, 653 F. 3rd 420, (6th Cir. 2011)*. In addition, the sentencing court should consider the language of *Title 18 U.S.C. section 3661* which states,

SENTENCING MEMORANDUM - 6

"no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." *United States v. Pineda, 755 Fed. Appx. 543, 545-546, 2018 U.S. App. LEXIS 32093, 2018 WL 5920457* opined, "[w]e generally defer to the special competence of the district in determining whether family circumstances are so extraordinary as to justify a departure or variance from a Guidelines sentence." Similarly, "defendant's contentions regarding mental illness, if credible, could qualify as a compelling justification that may support a significant downward variance from the Guidelines range, *United States v. Robinson, 778 F.3rd 515, 523 (6th Cir. 2015). United States v. Banks, 722 F. App'x 505, 511-12 (6th Cir. 2018)* which held a sentence was procedurally and substantively reasonable when the district court weighed {defendant's} personal history and characteristics including his criminal history, difficult childhood, family support, addiction issues, past efforts to reform, and his renewed commitment to rehabilitation. "For this reason, we have repeatedly found information relating to an individual's childhood trauma, mental health, and addiction issues, among other things, to be relevant to sentencing, *United States v. Pineda, supra at 548*. The court in *United States v. Martin, 2025 U.S. App. LEXIS 16520 at pg. 3*, reasoned, "to the extent that there are mitigating circumstances, which include your youth, your history of mental and

SENTENCING MEMORANDUM - 7

emotional health issues, and your long history of drug abuse …... were reasons to grant a downward variance. Finally, "the district court considered {defendant's} mental health and substance abuse issues and varied downward from the Guidelines range in order to account for those issues, *United States v. Campbell, 434 Fed. Appx. 507, 514;2011 U.S. App. LEXIS 18576.*

The breath and extended time of Mr. Cox's traumatic youth is unique and rarely seen. It is amazing that he is even alive given the substantial inequities he faced as a child and young adult. The psychological impact described in Dr. Lodge's evaluations are expected after his brutal childhood. Considering his limited participation in this drug transfer, it is respectfully requested that he be granted a downward variance to 60 months or less.

Respectfully submitted,

S/Wesley A. Dumas, Sr.
Attorney for Defendant
Ohio Bar Reg. No. 0009004

SENTENCING MEMORANDUM - 8